**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TRACY YOUNGBLOOD-MCDANIEL,**
**an individual, and**
**ENDPOINT CAPITAL, LLC,**
**a Florida limited liability company,**

      **Plaintiffs,**

**v.**                                 **Case No.:   8:26-cv-1734**

**DIAGNOSTIC BIOSCIENCE**
**LABORATORIES, LLC, a**
**Delaware limited liability company,**

      **Defendant.**
_____/

## COMPLAINT

Plaintiffs, Tracy Youngblood-McDaniel and Endpoint Capital, LLC, a Florida

limited liability company, sue Diagnostic Bioscience Laboratories, LLC, a Delaware

limited liability company, and state as follows:

## PARTIES AND JURISDICTION

1.     Plaintiffs Tracy Youngblood-McDaniel and Endpoint Capital, LLC

bring this action for breach of a Membership Interest Purchase Agreement ("MIPA")

against Defendant Diagnostic Bioscience Laboratories, LLC.

2. Plaintiff Tracy Youngblood-McDaniel ("McDaniel") is an individual who is a citizen of the State of Georgia, and resides at 7369 Lazy Hammock Way, Flowery Branch, Georgia 30542.

3. Plaintiff Endpoint Capital, LLC ("Endpoint") is a limited liability company organized under the laws of the State of Florida. Endpoint's sole member is Tracy Youngblood-McDaniel, who is a citizen of the State of Georgia, and resides at 7369 Lazy Hammock Way, Flowery Branch, Georgia 30542.

4. Defendant Diagnostic Bioscience Laboratories, LLC ("DBS"), is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, DBS's sole member is Nathan Hawkins, who is a citizen of the State of Florida and who resides at 5339 W. Lake Butler Road, Windermere, Florida 34786.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, in that this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because it transacts business in this District and its sole member resides in this District. This Court also has personal jurisdiction over Defendant because Defendant agreed to the terms and conditions of the MIPA, which requires that any action to enforce its terms shall be

2

brought exclusively in the state or federal courts encompassing Sarasota County, Florida.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and because the MIPA requires that any action to enforce its terms shall be brought exclusively in the state or federal courts encompassing Sarasota County, Florida.

## FACTUAL BACKGROUND

### The Membership Interest Purchase Agreement

8. McDaniel, Endpoint, and DBS entered into the MIPA effective September 15, 2023. A true and correct copy of the MIPA, including its four exhibits A through D, is attached as Exhibit 1 to this Complaint.

9. Under the MIPA, McDaniel agreed to sell to DBS her 35% interest in Reliant Scientific, LLC, a Georgia limited liability company.

10. Under the MIPA, Endpoint agreed to sell to DBS its 35% interest in Reliant Scientific, LLC, a Florida limited liability company.

11. The MIPA defines "Membership Interests" as McDaniel and Endpoint's collective interests in both the Georgia and Florida Reliant Scientific, LLC entities.

12. Specifically, Section 1.01 of the MIPA, titled "Purchase and Sale," states that McDaniel and Endpoint (defined collectively as "Seller" in the MIPA)

3

"shall sell to" DBS (defined as "Buyer" in the MIPA) and DBS "shall purchase from Seller, all of Seller's right, title and interest in and to the Membership Interests, free and clear of any mortgage, pledge, lien, charge, security interest, claim or other encumbrance ("**Encumbrance**") for the consideration specified in Section 1.02."

13.     The MIPA required DBS to pay McDaniel and Endpoint $475,750.00 for the Membership Interests:

> **Section 1.02  Purchase Price.**  The aggregate purchase price for the Membership Interests shall be $475,750.00 (the "**Purchase Price**"). The Buyer shall pay the Purchase Price to Seller as defined in Exhibit D, using revenues generated by the business, in cash or by wire transfer of immediately available funds in accordance with wire instructions provided by Seller.

14.     Exhibit D to the MIPA, referenced in Section 1.02, provides the following payment terms for DBS:

### Exhibit D

### Payment Terms

- Purchase Amount equals $475,750.00 (to be paid in full by August 31, 2025 or sooner)

- First Payment on December 1, 2023 or sooner

- Minimum payment $19,823 per month

15.     Per Section 1.03 of the MIPA, the closing of the purchase and sale of the Membership Interests would "take place simultaneously with the execution of this Agreement on the date of this Agreement."

16.    Article IV of the MIPA established requirements for each party to deliver certain documents and items upon closing.

17.    Section 4.01 required the following deliveries from McDaniel and Endpoint to DBS:

> **Section 4.01  Seller's Deliveries.**  At the Closing, Seller shall deliver to Buyer the following:
>
> (a)    The assignment of membership interest, in the form attached hereto as **Exhibit A** (the "**Assignment**"), executed by Seller.
>
> (b)    The joinder agreement, in the form attached hereto as **Exhibit B** (the "**Joinder Agreement**"), executed by Company.
>
> (c)    The written consent of each other member of the Company in the form attached hereto as **Composite Exhibit C**, approving the transactions contemplated under this Agreement (the "**Written Consents**").
>
> (d)    The written resignation of each Seller's representative who is serving as the manager or as an officer of the Company, to become effective on the Closing Date ("**Resignation Letter**").

18.    Section 4.02 required the following deliveries from DBS to McDaniel and Endpoint:

> **Section 4.02  Buyer's Deliveries.**  At the Closing, Buyer shall deliver to Seller the following:
>
> (a)    The Purchase Price under the terms as set out in Section 1.02(d).
>
> (b)    The Assignment, executed by Buyer.
>
> (c)    The Joinder agreement, executed by Buyer.

5

19.    The parties also made representations and warranties to each other in Article II.

20.    McDaniel and Endpoint made their representations and warranties in Sections 2.01 (Organizational and Authority of Seller; Enforceability.), 2.02 (No Conflicts; Consents.), 2.03 (Legal Proceedings.), 2.04 (Ownership of Membership Interests.), and Section 2.05 (Non-Foreign Status.).

21.    For example, McDaniel and Endpoint represented and warranted that they had full power and authority to enter into the MIPA and the documents to be delivered under the MIPA, and that the MIPA and those documents constituted legal, valid, and binding obligations, enforceable against them in accordance with their respective terms.  They further warranted that there were no actions pending, or to their knowledge, threatened, which related to or affected the Membership Interests, or which challenged or sought to prevent, enjoin, or delay the transactions contemplated by the MIPA.

22.    McDaniel and Endpoint further represented that they owned the Membership Interests, which were issued in compliance with applicable laws and not in violation of any organizational documents of either Reliant Scientific, LLC entity, or in violation of any agreement, arrangement, or commitment to which they or the Reliant Scientific LLC entities were parties.

6

23.     Other than the express representations and warranties set forth in Sections 2.01, 2.02, 2.03, 2.04, and 2.05, however, McDaniel and Endpoint made no other representations or warranties to DBS, as set forth in Section 2.06:

> **Section 2.06  No Other Representations or Warranties.**  Except for the representations and warranties contained in this Article II, neither Seller nor any director, officer, employee or agent of Seller has made or makes any other express or implied representation or warranty, either written or oral, on behalf of Seller.

24.     DBS made similar representations and warranties regarding its organization and authority to enter into the transactions contemplated by the MIPA as well as the validity and enforceability of the MIPA, the lack of conflicts, the proper consents, and the lack of legal proceedings regarding the transactions, in Section 3.01, Section 3.02, and Section 3.04. DBS further warranted that it was acquiring the Membership Interests "solely for its own account for investment purposes . . ." in Section 3.03.

25.     The parties agreed in Section 6.11 that Florida law shall govern the MIPA and that any action to enforce its terms "shall be brought exclusively in the state and federal courts encompassing Sarasota County, Florida."

26.     The parties further agreed in Section 6.12 to waive any right they may have to a trial by jury.

### McDaniel and Endpoint Performed Their Obligations Under the MIPA

27.    McDaniel and Endpoint have performed their obligations under the MIPA and have satisfied its terms and conditions.

28.    McDaniel and Endpoint both executed the MIPA and its Exhibits.

29.    McDaniel and Endpoint executed Exhibit A to the MIPA, the Assignment of Membership Interest.  By doing so, McDaniel and Endpoint sold, assigned, and transferred to DBS all of their right, title, and interest in and to the Membership Interests.

30.    McDaniel and Endpoint also executed Exhibit B to the MIPA, the Joinder Agreement.  This document made DBS a party to the Amended and Restated Company Agreement of Reliant Scientific, LLC, a Florida limited liability company, as well as the Company Agreement of Reliant Scientific, LLC, a Georgia limited liability company.

31.    McDaniel and Endpoint executed Exhibit C to the MIPA as well, the Unanimous Written Consent of the Members in Lieu of a Meeting documents for both Reliant Scientific, LLC, a Florida limited liability company, and Reliant Scientific, LLC, a Georgia limited liability company.  All other members of both entities also executed the documents comprising Exhibit C.  The execution of both documents by McDaniel, Endpoint, and the other members of both Reliant Scientific, LLC entities constituted the approval of the sale, transfer, and assignment of the Membership Interests to DBS.

8

**DBS Breached Its Obligations Under the MIPA**

32.     DBS, through its Managing Member, Nathan Hawkins, executed the MIPA.

33.     DBS, through its Managing Member, Nathan Hawkins, executed Exhibit A to the MIPA, the Assignment of Membership Interest.  By doing so, DBS received McDaniel's and Endpoint's right, title, and interest in and to the Membership Interests via sale, assignment, and transfer.

34.     DBS, through its Managing Member, Nathan Hawkins, also executed Exhibit B to the MIPA, the Joinder Agreement.  This document made DBS a party to the Amended and Restated Company Agreement of Reliant Scientific, LLC, a Florida limited liability company, as well as the Company Agreement of Reliant Scientific, LLC, a Georgia limited liability company.

35.     DBS has failed to make the required payments to McDaniel or Endpoint as required by Section 1.02, Section 4.02(a), and Exhibit D of the MIPA.

36.     For example, DBS immediately defaulted under the MIPA. It failed to make any installment payments to McDaniel or Endpoint starting on the first due date, December 1, 2023, and continuing for months thereafter.

37.     As a result, McDaniel and Endpoint filed suit in this Court against DBS for breach of the MIPA. *See* Case No. 8:24-cv-700-TPB-LSG.

38.    On July 29, 2024, this Court entered judgment in Case No. 8:24-cv-700-TPB-LSG on behalf of McDaniel and Endpoint in the amount of $118,938.00 plus $470.00 in costs. *See* Exh. 2 (Case No. 8:24-cv-700-TPB-LSG, Dkt. No. 16).

39.    The Judgment amount entered in Case No. 8:24-cv-700-TPB-LSG consisted of the $19,823.00 monthly installment payments DBS failed to make to McDaniel and Endpoint from December 2023 through May 2024. *See* Exh. 3 (Case No. 8:24-cv-700-TPB-LSG, Dkt. No. 14) at 9; Exh. 4 (Case No. 8:24-cv-700-TPB-LSG, Dkt. No. 50) at 2.

40.    In addition, this Court found in Case No. 8:24-cv-700-TPB-LSG that DBS lacked a meritorious defense to the claims raised by McDaniel and Endpoint. *See id.* at 6-9. This was despite DBS presenting sworn evidence to the Court in support of multiple alleged defenses. *See id.* Specifically, the Court found that DBS failed to show a prior breach of the MIPA by McDaniel or Endpoint, and that DBS failed "to show that a fraudulent inducement defense would be more than likely successful." *Id.*

41.    DBS failed to make any payments to McDaniel or Endpoint under the MIPA for the months June 2024 through August 31, 2025, which is the end date for installment payments under the MIPA. *See* MIPA § 1.02, § 4.02(a), and Exh. D. This constitutes DBS's breach(es) of the MIPA.

10

42.   The total amount due under the installment payments in the MIPA from June 2024 through August 31, 2025 is $356,812.00. *See id.*

43.   Thus, DBS's breach(es) of the MIPA by failing to make payments for the months June 2024 through August 31, 2025 have caused McDaniel and Endpoint damages in the amount of $356,812.00.

44.   McDaniel and Endpoint bring this new and separate action for the unpaid monthly installment payments between June 2024 and August 31, 2025 because the Court in Case No. 8:24-cv-700-TPB-LSG expressly found that McDaniel and Endpoint were only entitled to damages for those monthly installment payments from December 2023 through May 2024. *See id.* at 14-16. At the time McDaniel and Endpoint moved for a final judgment, those monthly payments had not yet accrued, and the MIPA lacked an acceleration clause to enable them to recover future installment payments. *See id.* at 14-16.

## COUNT I

## BREACH OF MEMBERSHIP INTEREST PURCHASE AGREEMENT

45.   This is an action for breach of contract by Plaintiffs Tracy Youngblood-McDaniel and Endpoint Capital, LLC against Defendant Diagnostic Bioscience Laboratories, LLC.

46.   Plaintiffs reallege and incorporate paragraphs 1 through 44 of this Complaint as if set forth fully herein.

47. McDaniel, Endpoint, and DBS entered into the MIPA effective September 15, 2023.

48. The MIPA obligated McDaniel and Endpoint to transfer their respective Membership Interests in Reliant Scientific, LLC, a Georgia limited liability company, and Reliant Scientific, LLC, a Florida limited liability company.

49. McDaniel and Endpoint have performed their obligations under the MIPA and have satisfied its terms and conditions, including but not limited to transferring their Membership Interests in the Reliant Scientific, LLC entities.

50. The MIPA obligated DBS to pay the Purchase Price of $475,750.00 in accordance with the Payment Terms set forth in Section 1.02 and Exhibit D.

51. DBS failed to make payments under the MIPA for the months June 2024 through August 31, 2025 in the amount of $356,812.00.

52. DBS's failure to make payments required under the MIPA amounts to a breach of the MIPA.

53. DBS's breach of the MIPA for the months June 2024 through August 31, 2025 has caused damages to Plaintiffs in the amount of $356,812.00.

54. Plaintiffs have complied with all conditions precedent necessary to file this action.

WHEREFORE, Plaintiffs Tracy Youngblood-McDaniel and Endpoint Capital, LLC demand judgment against Defendant Diagnostic Bioscience

Laboratories, LLC for damages in the amount of $356,812.00 caused by Defendant's breach of the Membership Interest Purchase Agreement, pre- and post-judgment interest, the costs of this action, and such other relief as this Court deems appropriate.

/s/ John R. Zoesch III

**JOHN R. ZOESCH III**
Fla. Bar No. 0045257
jack.zoesch@phelps.com
**PHELPS DUNBAR LLP**
501 Commendencia Street
Pensacola, FL  32502
Tel:   (850) 432-2451
*Attorney for Plaintiffs Tracy Youngblood-McDaniel and Endpoint Capital, LLC*

13